UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 21-CR-493(EGS) |
| v. | : |
| | : |
| EDWIN GARCIA-SALERMON | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S PROFFER OF PROOF
IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Proffer of Proof in Support of a Plea of Guilty by the defendant to Counts Two, Three, and Four of the Information.

*Elements of the Offenses*

The essential elements of the offense of Disorderly Conduct, in violation of 22 D.C. Code § 1321(a)(1), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1. That the defendant was in a place open to the public;

2. That he knowingly and intentionally took some action, in this case, burning wicker baskets belonging to Starbucks;

3. And that his action created a reasonable fear that some other person or someone else's property would be injured or damaged.

The essential elements of the offense of Unlawful Entry in violation of 22 D.C. Code § 3302(a)g(1) are:

1

1. That the defendant entered or attempted to enter a private dwelling, building, or other property;

2. That the defendant entered, or attempted to enter the property voluntarily, on purpose, and not by mistake or accident;

3. That he did so did so without lawful authority;

4. The entry or attempt to enter was against the will of the the person lawfully in charge of the premises; and

5. That the defendant knew or should have known that he was entering against that person's will.

The essential elements of the offense of Malicious Destruction of Property in violation of 22 D.C. Code § 303:

1. That the defendant damaged or destroyed property, that is, wicker baskets;

2. That the property was not his property;

3. That he acted voluntarily and on purpose, and not by mistake or accident;

4. That the defendant intended to damage or destroy the property or, under circumstances which demonstrated an extreme indifference to the value or condition of the property, was aware that his conduct created a substantial and unjustifiable risk of harm to that property and engaged in that conduct nonetheless; and

5. That the property that the defendant attempted to damage or destroy had some value.

### _Penalties for the Offenses_

A violation of 22 D.C. Code § 1321(a)(1) carries a maximum sentence of 90 days and a fine of $500; a violation of 22 D.C. Code § 3302(a)(1) carries a maximum sentence of 180 days

and a fine of $1,000; and a violation of 22 D.C. Code § 303 carries a maximum sentence of 180 days and a fine of $1,000.

### *Factual Proffer*

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything defendant said, is it a recitation of all that defendant said or did.

Had this matter gone to trial, the government's evidence would have shown, beyond a reasonable doubt, the following:

On the evening of May 31, 2020, the District of Columbia was experiencing mass protests and riots in the wake of the death of George Floyd in Minneapolis, Minnesota. Businesses were looted, buildings were damaged, and dozens of fires were set on the streets and in the neighborhoods throughout the District. On June 9, 2020, agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) canvassed the neighborhood around the White House for surveillance video. Video was obtained from an office building located at 910 15th Street, NW, Washington, DC for the evening of May 31, 2020. This building also houses a Starbucks coffee shop located at the corner of 15th and I Streets NW. While the store was closed for business on May 31, 2020, the video showed rioters using objects found in the street to break out the Starbucks' windows along the I Street side, followed by several groups entering and exiting the store. At approximately 10:42 PM, a male later identified as EDWIN GARCIA-SALMERON arrived at the Starbucks on a blue "BMX" style bicycle with silver handlebars and a beige walled, front tire. GARCIA-SALMERON entered the Starbucks through a broken window. ATF later received surveillance video from the Starbucks Headquarters in Seattle,

Washington, of the inside of the store. On this video, GARCIA-SALMERON is observed entering the location and setting fire to several wicker baskets that hold the store's products and then exiting the location. GARCIA-SALMERON returned to his bicycle and traveled with a second male Northbound on 15th Street NW and out of the area. There were more than a dozen people present inside the Starbucks when the fires were set. ATF agents were able to identify the defendant by comparing the surveillance video with various social media postings showing the defendant.

After the defendant was arrested, he waived his Miranda rights and spoke with ATF agents. The defendant admitted entering the Starbucks through a broken window on or about May 31, 2020. He further admitted to setting fire to several wicker baskets inside the store while several persons were inside the store.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

BY: _____
NIHAR MOHANTY
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read the foregoing Statement of Offense, and I have discussed this proffer fully with my attorney, Cara Halverson, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 09-30-21

Edwin Garcia-Salermon
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Statement of Offense with my client, Edwin Garcia-Salermon, and fully discussed it with my client. I concur in my client's desire to plead guilty as set forth in this Agreement and the Statement of Offense.

Date: 9/30/21

Cara Halverson, Esq.
Attorney for Defendant