UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 21-CR-493 (EGS) |
| v. : | |
| : | |
| EDWIN GARCIA-SALERMON : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. For the reasons set forth below, the Government asks that the Court sentence the defendant to time served, a period of probation, and a suspended sentence.

I.  **SENTENCING FACTORS**

In sentencing a defendant, after calculating the appropriate Guideline range, the Court must consider the factors set forth in 18 U.S.C. Section 3553.[1] See Gall v. United States, 552 U.S. 38 (2007). These factors are in keeping with the traditional factors used by courts when imposing a sentence: (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (4) the deterrence of others from the commission of like offenses. See Spanziano v. Florida, 468 U.S. 447, 477-78 (1984) (Stevens, J., concurring); see also Williams v. New York, 337 U.S. 241, 251 (1949). Finally, under the

---

[1] As noted in the Pre-Sentence Report (PSR), the federal sentencing guidelines and District of Columbia guidelines for that matter do not apply in this case given the offenses to which the defendant pled guilty. The Government will move to dismiss Count One of the information at sentencing pursuant to the plea agreement in this case.

1

Guidelines and Section 3553, similarly situated defendants should receive like punishments. See 18 U.S.C. Section 3553(a)(6).

II.     **SENTENCING RECOMMENDATION**

In considering the appropriate sentence in this case, the Government is concerned that, during protests on May 31, 2020, the defendant and others engaged in conduct that destroyed property and created a dangerous mob atmosphere. The defendant entered a Starbucks through a broken window that night and set fire to several wicker baskets inside the store while several persons were inside the store. There really is no excuse for that conduct, even if it was not as serious or dangerous as crimes committed by others that night.

There are a few key mitigating factors, however. First, the defendant was willing to accept responsibility very early on in this case. Indeed, he waived his Miranda rights and admitted his role in the offense immediately upon his arrest. Second, most importantly, as the Government will further explain at the sentencing hearing, he was able to relay observations of that evening to the benefit of the Government's ongoing investigations. Also, this is the defendant's first offense, and, other than not calling into pretrial services regularly, he has generally been compliant with his pretrial release conditions for nearly a year. Accordingly, a lengthy sentence is not warranted, and a suspended sentence should deter the defendant from future criminal conduct.

**WHEREFORE,** for the foregoing reasons, the Government asks that the Court sentence the defendant in accordance with this memorandum.

Respectfully submitted,

MATTHEW GRAVES
United States Attorney for the District of Columbia

　　　/s/ *Nihar Mohanty*
NIHAR MOHANTY
D.C. Bar No. 436-686
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7700
Nihar.Mohanty@usdoj.gov